OPINION
John Taylor appeals from his conviction in the Montgomery County Common Pleas Court after a bench trial of domestic violence with a prior conviction for that offense.
 The complainant Jamie May testified that the defendant came to her home on the morning of December 8, 1997 and while arguing struck her and knocked her down across her bed. She testified he then tried to choke her and stopped when her son entered her bedroom. She testified she thought the defendant actually broke her bed in the altercation.
Ms. May testified that she had two small children, Renier age 8, and Nasasha, 23 months old. She testified the defendant used to reside with her and that Nasasha was their child. She said she was the victim of domestic violence at the hands of the defendant in April 1997.
Renier testified that he witnessed the defendant choking his mother. (Tr. 44). Renier testified he called 911 and spoke to the operator. Ms. May testified she took the phone from her son and spoke with the police who arrived within a few minutes. She testified the only injury she suffered was soreness in her left shoulder for 24 hours. (Tr. 15).
Officer Mike Brunett of the Dayton Police Department testified he was dispatched to Ms. May's apartment on a report of domestic violence in the early morning hours of December 8, 1997. Brunett said he spoke with Ms. May and her son who both appeared upset. He said he didn't observe any injuries to Ms. May although she complained her neck and shoulders were hurting. (Tr. 59). Brunett testified that both Ms. May and Renier described the domestic violence incident to him. He said the bed did not appear broken but it was hard to tell because "it was so messy." (Tr. 67).
Detective Jeffrey Gross testified he interviewed the defendant after his arrest. He said the defendant told him he couldn't have committed the domestic violence against Ms. May because he wasn't in town at the time. The defendant told Gross he was a long haul truck driver who drove to Indianapolis and Louisville on a daily basis. (Tr. 75). He provided Gross the name of his supervisor, a Victor Jacob of Montgomery Paper.
Marti Dye, secretary from Montgomery Paper Company testified their records did not show the defendant working on December 8, 1997.
The defendant testified in his own defense and denied striking the defendant. He said he was not arrested until nearly two months after the alleged incident and was mistaken about working for Montgomery Paper on December 8, 1997. He testified he was not present at Ms. May's apartment on the date in question as he was helping his mother move out of his house into her own place. (Tr. 156, 157). He also presented the testimony of his sister who testified she saw Ms. May several times after the alleged incident and she never mentioned the incident to her.
In the first assignment of error appellant contends the judgment of the trial court was against the manifest weight of the evidence.
In State v. Thompkins (1978), 78 Ohio St.3d 380, the Ohio Supreme Court distinguished between judgments which are based on insufficient evidence and those which are against the manifest weight of the evidence.
 When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "`thirteenth juror'" and disagrees with the factfinder's resolution of the conflicting testimony. Tibbs, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, State v. Martin (1983), 20 Ohio App.3d 172, 175 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.").
Substantial deference must be extended to the factfinder's determinations of credibility because he has seen and heard the witness.
The trial court issued a written decision finding the defendant guilty. The court noted that while there were some discrepancies in the victim's testimony, they weren't significant enough to cast doubt on the truth of her testimony. The court found Renier believable when he testified he saw the defendant choking his mother. The court also noted that the defendant's alibi as given to Detective Gross did not pan out.
Upon our review of the record we cannot say the trial court lost its way in resolving the credibility of Ms. May and her son. The evidence does not weigh heavily against the defendant's conviction.
In his second assignment he argues the trial court improperly overruled his motion for acquittal made at the conclusion of the State's evidence.
A Crim. R. 29 motion requests the trial court to order a judgment of acquittal because the evidence is insufficient to sustain a conviction. Whether the evidence is legally sufficient to sustain a verdict is a question of law. Thompkins, supra, at 387, 678 N.E.2d at 546. If reasonable minds can reach different conclusions as to whether each element of the crime has been proven beyond a reasonable doubt, the motion for acquittal must be overruled. State v. Bridgeman (1978), 55 Ohio St.2d 261,381 N.E.2d 184. Upon review of a Rule 29 motion, this Court must examine the evidence admitted at trial and determine whether such evidence, if believed would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks
(1991), 61 Ohio St.3d 259, 574 N.E.2d 492. Moreover, in doing so this Court must view the evidence in the light most favorable to the prosecution. Id. at 273, 574 N.E.2d at 503.
Reasonable minds could have concluded, after hearing the testimony presented by the prosecution, that the defendant committed the crime of domestic violence. The second assignment of error is overruled.
The judgment of the trial court is Affirmed.
WOLFF, J., and FAIN, J., concur.